**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DeANDRE D. NEALEY,**

    **Plaintiffs,**

    v.                                    Case No.  2:24-cv-4047
                                            Judge James L. Graham
**THE STATE of OHIO,**                Magistrate Elizabeth P. Deavers

    **Defendant.**

## REPORT AND RECOMMENDATIONS

Plaintiff, DeAndre Healey, an Ohio resident who is proceeding *pro se*, brings this action against the State of Ohio, the Columbus Police Department, and unnamed Columbus Police Department Officers.  (ECF No. 3.)  Plaintiff's request to proceed *in forma pauperis* was granted in a previous Order that *also* directed Plaintiff to file an amended complaint and service documents.  (ECF No. 2.)  Plaintiff has filed neither.

Plaintiff's existing complaint, set forth in its entirety, states:

> 10/7/24  I was unlawfully removed from my home by the use of force from the Columbus Police Department.  They refused any and all evidence for proof that I was there lawfully.  I was then assaulted by multiple CPD officers.  Arrested of misuse of 911 [which] being charged from a crime with victim I was the only man harmed the lower court refused to dismiss the frivolous charge.  I was also kidnapped and held against my will at Jackson Pike for 12 hours.

(ECF No. 3, at PageID 18.)  Because this complaint fails to satisfy basic notice pleading requirements, this Court issued an Order on October 22, 2024, directing Plaintiff to file an amended complaint.  Specifically, the Court ordered Plaintiff to "set forth sufficient facts to provide defendants and this Court with notice of *what* happened, *where* it happened, *when* it happened, *how* it happened, and *who* was involved."  (ECF No. 2, at PageID 13-14.)  The Court

also ordered Plaintiff to file the required service documents. (*Id*. at PageID 14.) Plaintiff was advised that if he did not respond to the Court's Order, his case would be dismissed for want of prosecution. (*Id*.)

To date, more than thirty (30) days after the October 22, 2024, Order, Plaintiff has failed to respond.

"Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.Co.*, 370 U.S. 626, 630-31 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). This authority is considered an "inherent power" necessary for "courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's October 22, 2024, Order.

The Undersigned therefore **RECOMMENDS** that this case be **DISMISSED without prejudice** for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN FOURTEEN (14) DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on a timely motion for extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **WITHIN FOURTEEN (14)**

**DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**


     **s/** ***Elizabeth A. Preston Deavers***
**DATED:  December 2, 2024**    **ELIZABETH A. PRESTON DEAVERS**
    **UNITED STATES MAGISTRATE JUDGE**